IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-52,468-02






EX PARTE BILLY WAYNE MCDANIEL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-191-CR-A IN THE 87TH DISTRICT COURT


FROM FREESTONE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
tampering with governmental records and sentenced to three years' imprisonment. He did
not appeal his conviction. 

 Applicant contends that he received ineffective assistance and that his plea was
involuntary and unknowing. Specifically, Applicant asserts that trial counsel coerced him
into pleading guilty and that, had counsel fully investigated the case, counsel would have
found that there was a mistake in the title statement filed with the Department of
Transportation, which would have shown that Applicant did not attempt to defraud the
complainant out of a pick up truck. Applicant further contends that he was examined twice
for competency, and that following the second evaluation, there was an agreement regarding
his lack of competency among trial counsel, the State and the evaluating psychiatrist.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court shall resolve these issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it shall order an affidavit from trial counsel, or it may
order a hearing. In the appropriate case, the trial court may rely on its personal recollection. 
Id. The trial court shall also forward any records regarding Applicant's guilty plea and the
admonishments given prior to the acceptance of the plea.

 If the trial court elects to hold a hearing, it shall determine whether applicant is
indigent. If applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to
applicant's claim that his plea was involuntary. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: September 13, 2006

Do not publish